# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CALLAHAN,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. EDCV 10-01372-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On September 17, 2010, Joseph Callahan ("Plaintiff" or "Claimant" or "Callahan") filed a complaint seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance ("SSDI") benefits and Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on March 16, 2011. On May 17, 2011, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 48 year old male who alleges disability beginning September 1, 2001, due to asthma, fatigue, fibromyalgia, herniated disc in lower back, neck problems, arthritis, and depression. (AR 14, JS 2.)

Plaintiff earlier filed an application for Disability Insurance benefits on October 26, 1999, alleging disability on March 12, 1996, due to asthma, herniated discs, and depression. (AR 274-75.) Following a hearing on June 28, 2001, Administrative Law Judge ("ALJ") Leo McCormick issued an unfavorable decision on August 15, 2001. (AR 274-79.)

Plaintiff filed a new Request for Hearing on September 15, 2004. (AR 283.) Following a hearing on January 18, 2006, ALJ Lowell Fortune found that there was no new and material evidence that rebuts the conclusions established in the August 15, 2001, ALJ decision. (AR 283-284.) Consequently, ALJ Fortune issued an unfavorable decision on August 10, 2006. (AR 283-88.)

On November 7, 2007, the Appeals Council vacated the ALJ decision and remanded the case to the ALJ with instructions to discuss and explain the weight given to certain medical, lay, and vocational testimony. (AR 379-85.) On July 21, 2008, ALJ Fortune convened a hearing in San Bernardino, California. (AR 14.) The Claimant appeared and testified. (AR 14.) Vocational expert ("VE") Corinne J. Porter, also appeared and testified at the hearing. (AR 14.) Claimant was represented by counsel. (AR 16.) The ALJ issued an unfavorable decision on February 5, 2010 (AR 14-28), and on July 30, 2010, the Appeals Council denied review. (AR 6-8.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered the treating psychiatrist's opinion.
2. Whether the ALJ properly considered the opinion of Dr. Lanum, Plaintiff's treating doctor.

3. Whether the ALJ's residual functional capacity assessment, which provides that Plaintiff is able to sit six hours in an eight hour day, is supported by substantial evidence.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla' . . . but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotations and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner

has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since September 1, 2001, the alleged onset date. (AR 16.)

At step two, the ALJ found that the Plaintiff has the following medically determinable impairments: Bells palsy; asthma; disorders of the neck, low back, right knee, and right shoulder; mixed personality traits and a depressive disorder. (AR 16.)

At step three, the ALJ determined that Claimant does not have an impairment or combination of impairments that meets or medically equals the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 17.)

The ALJ then found that Plaintiff had the RFC for a range of light work with the following limitations:

> . . . the claimant is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently. In an 8-hour workday, the claimant is able to stand and/or walk 4 hours and sit 6 hours. He is frequently able to climb ramps and stairs, but should not climb ladders, scaffolds, or ropes. He is occasionally able to bend and stoop, but is unable to balance, kneel or squat. He is occasionally able to reach overhead with the right upper extremity. He should not be exposed to extreme cold, heat, humidity or wetness, dangerous or fast-moving machinery, and unprotected heights. Nor should he be exposed to fumes, odors, dust, gases and chemicals;

         and in that regard, his workplace should be air-conditioned. Mentally, the
         claimant is able to understand and remember detailed instructions, and is
         able to perform and carry out complex tasks, but with no interaction with
         the general public.

(AR 17-18.)

In determining Plaintiff's RFC, the ALJ made an adverse credibility finding. (AR 21.) In an unusually thorough recitation and analysis of the relevant evidence, the ALJ found that Claimant gave inconsistent or contradictory evidence, exaggerated his symptoms, his assertions were inconsistent with his conduct, Claimant's conduct suggests his condition is less serious than alleged and his testimony was vague and evasive. (AR 21-24.) Notably, Plaintiff does not challenge the ALJ's credibility determination.

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR 26.) Nonetheless, at step five, the ALJ determined with the aid of VE testimony that Claimant can perform jobs that exist in substantial numbers in the national economy, including office helper, ticket checker and mail clerk. (AR 27-28.)

Hence, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 28.)

## DISCUSSION

The ALJ properly disregarded the opinions of two treating physicians. The ALJ presented specific, legitimate reasons for doing so, supported by substantial evidence. The ALJ also properly determined on the basis of substantial evidence that Plaintiff had a RFC for light work that permitted him to sit for six hours in an eight hour workday. There was no error.

**I. THE ALJ PROPERLY REJECTED THE TREATING PSYCHIATRIST'S OPINION**

The ALJ found that Plaintiff had only mild psychiatric limitations, no episodes of decompensation, and was never hospitalized in a psychiatric hospital or received outpatient psychiatric treatment. (AR 17.) Consequently, the ALJ determined Plaintiff's depressive

disorder to be nonsevere at step two of the sequential process. (AR 17.) In determining Plaintiff's RFC, the ALJ stated, "Mentally, the claimant is able to understand and remember detailed instructions, and is able to perform and carry out complex tasks, but with no interaction with the general public." (AR 18.) The ALJ's findings are supported by extensive psychiatric and psychological opinion and examination evidence.

Nonetheless, Plaintiff challenges the ALJ's mental RFC based on an August 4, 2008, letter from treating psychiatrist physician Dr. Gurmit Sekhon of San Bernardino County's Phoenix Community Counseling Center:

> Joseph Callahan is in treatment at the Department of Behavioral Health Phoenix Community Counseling Clinic, where I am a treating Psychiatrist. Mr. Callahan has been attending Phoenix clinic since December 8, 2004. Mr. Callahan is diagnosed with a chronic Mental illness (296.33, Major Depressive d/o, Recurrent, Severe w/o Psychotic features) and is currently on medication (Depakote, Wellbutrin, Desyrel) for this disorder.
>
> Mr. Callahan's condition is considered to be guarded at this stage with continued treatment recommended. Mr. Callahan has been compliant with treatment for the past four years. In incidences where the client has been off his medication, he has significantly decompensated and become a danger to himself and others. The chronic condition Mr. Callahan suffers from prevents him from being able to perform any type of work and affects his ability to perform daily functions due to symptoms of withdrawal, isolationism, poor concentration, paranoia, auditory hallucinations, mood swings and impairment of cognitive processes.
>
> It is of my opinion that Mr. Rosa (*sic*) is incapable of performing many necessary tasks involving routine activities, social functioning, task

| | |
|---|---|
| 1 | completion or any adaptation to work-like situations in a typical work |
| 2 | environment, and is in need of benefits. |

(AR 404, 854.)

The ALJ disregarded Dr. Sekhon's opinions because the medical records were illegible and do not extend past January 2007, Dr. Sekhon did not respond to a request to provide objective clinical evidence of Plaintiff's symptoms, and Dr. Sekhon referred to another patient ("Mr. Rosa") in his letter. (AR 25-26.) Additionally, there is substantial medical evidence cited by the ALJ that conflicts with Dr. Sekhon's assessment of Plaintiff (AR 20, 21), and Dr. Sekhon's opinion is based on Plaintiff's subjective symptoms, which have been discounted. (AR 24-25.) These are specific, legitimate reasons supported by substantial evidence for disregarding Dr. Sekhon's opinion.

### A.     Relevant Law

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining

physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.  Analysis**

Dr. Sekhon's opinion that Plaintiff is disabled is contradicted by other medical opinion evidence discussed below. Thus, the ALJ may reject Dr. Sekhorn's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas, 278 F.3d at 957. The ALJ did so.

First, the ALJ essentially found that Dr. Sekhon's opinion was inadequately supported by clinical evidence. Thomas, 278 F.3d at 957 (ALJ need not accept treating physician opinion if inadequately supported by clinical findings); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (ALJ may reject treating physician opinion that is brief, conclusory and unsupported by clinical findings). Here, Dr. Sekhon's letter is brief and conclusory and itself contains no objective clinical evidence. (AR 404, 854.) The medical records (AR 820-834)

are largely illegible and contain no treatment notes after January 2007, but do reveal Dr. Sekhon only treated Plaintiff for six months. (AR 25-26.) Disturbingly, Dr. Sekhon's letter refers to work tasks a "Mr. Rosa" is unable to do, creating confusion about "whether the doctor was referring to the claimant or was using canned language." (AR 26.)

At the least, Dr. Sekhon's opinion is ambiguous and questionable in its clinical support. The ALJ appropriately investigated further by sending a letter to Dr. Sekhon requesting objective clinical data to support his opinion, but no response was forthcoming. (AR 26, 401-02, 405.) Plaintiff questions whether Dr. Sekhon received the letter but there is no reason to believe that he did not, and Plaintiff had ample opportunity to obtain the requested information after the ALJ decision and before the Appeals Council acted. There is no basis for asserting that the ALJ failed in his duty to develop the record adequately.[2] This is particularly true here in view of the considerable other medical evidence indicating only mild mental limitations that provided an adequate record for determining Plaintiff's mental RFC. Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001),(duty to inquire further only triggered "when the record is inadequate to allow proper evaluation of the evidence"); Thomas, 278 F.3d at 958 (no duty to re-contact where report contradictory because "the requirement for additional information is triggered only when the evidence from the treating medical source is inadequate to make a determination as to the claimant's disability"); Bayliss, 427 F.3d at 1217 (no duty to recontact where "[t]he ALJ, with support in the record,

---

[2] In Social Security cases, the ALJ has a special, independent duty to develop the record fully and fairly and to assure that the claimant's interests are considered. Tonapetyan, 242 F.3d at 1150; Smolen, 80 F.3d at 1288. Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). The ALJ has a basic duty to inform himself about facts relevant to his decision. Heckler v. Campbell, 461 U.S. 458, 471 n.1 (1983) (Brennan, J., concurring). The ALJ's duty to develop the record exists even when the claimant is represented by counsel. Tonapetyan, 242 F.3d at 1150.

Ambiguous evidence or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence triggers the ALJ's duty to conduct an appropriate inquiry. Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150. The ALJ may discharge this duty by subpoenaing the claimant's physicians, submitting questions to them, continuing the hearing or keeping the record open after the hearing to allow supplementation of the record. Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150.

found the evidence adequate to make a determination" of disability).  The ALJ specifically noted that the treating source opinions were inconsistent with the opinions of other medical sources.  (AR 25.)  The ALJ has the authority to reject a treating physician's opinion by relying on an examining physician's opinion supported by different, independent clinical findings.  Andrews, 56 F.3d at 1041; Orn, 495 F.3d at 632.  The ALJ relied on consulting psychologist Dr. Taylor, who found Plaintiff's psychiatric complaints exaggerated and not fully supported by his daily activities.  (AR 19, 21, 701-707.)  The ALJ noted that Plaintiff was never hospitalized in a psychiatric unit.  (AR 19.)  The ALJ also referenced three consultative examinations that failed to provide any evidence of serious psychiatric impairment.  (AR 20.)  These include an April 21, 2000, evaluation by psychiatrist Dr. Michael Christensen finding a major depressive disorder but with only mild impairments that would not be disabling (AR 196-200), a May, 2007 mental RFC by Dr. O'Malley finding Plaintiff's mental status intact with only minor limitations (AR 206-15), and two evaluations in August 2002 (AR 560-65) and April 1, 2004 (AR 631-636), by Dr. Linda Smith who did not believe Plaintiff's anxiety and anger rise to the level of a psychiatric disorder.  (AR 636.)  Plaintiff himself at one point indicated he was not alleging a psychiatric impairment (AR 482) and told his treating physician he was not depressed.  (AR 20.)  It is the ALJ's responsibility to resolve conflicts in the medical evidence.  Andrews, 53 F.3d at 1039.  The ALJ did so reasonably and properly.

Additionally, the ALJ found that Plaintiff's treating source opinions were not entitled to more weight than the consulting examiner's treating physicians because they were relying on Plaintiff's subjective symptoms which have been discredited.  (AR 24-25.)  This is an appropriate basis for rejecting a treating physician's opinion.  Tonapetyan, 242 F.3d at 1148-49 (treating physician's opinion based on subjective complaints of claimant whose credibility has been discounted are properly disregarded); Morgan, 169 F.3d at 602 (same); Andrews, 53 F.3d at 1043 ("an opinion of disability premised to a large extent upon claimant's own accounts of his symptoms and limitations may be disregarded, once those complaints have been disregarded).

The ALJ rejected Dr. Sekhon's opinion for specific, legitimate reasons supported by substantial evidence. There was no error.

## II. THE ALJ PROPERLY CONSIDERED THE OPINION OF TREATING PHYSICIAN DR. LANUM

The Appeals Council specifically directed the ALJ on remand to give consideration to the July 5, 2005, letter of Plaintiff's treating physician Dr. Lanum, a family medicine practitioner. (AR 383.) That letter expresses the following evaluation "To Whom It May Concern":

> This letter is being written in regard to Mr. Joseph Callahan who, for the record was born on May 5, 1963, and has provided permission for the release of all medical records and information contained herein. Mr. Callahan's medical issues include asthma, hypercholesterolemia, hypotesteronemia, bipolar disorder and hypertension. He has also been recently diagnosed with Bells palsy in April 2005 and has residual right-sided facial deficits which persist at the time of this letter. Please note that this individual is required to take multiple medications for his medical issues and has been compliant with follow-up for his medical visits. As a result of his constellation of medical issues, he has had difficulty procuring gainful employment. In addition, he has frequent myalgias as well as respiratory difficulty due to his asthma. It is my professional opinion that his multiple medical issues do make it difficult for him to be gainfully employed.

(AR 682.)

As directed, the ALJ gave consideration to Dr. Lanum's opinions and records, including the July 5, 2005, letter. (AR 19, 20, 25.) The ALJ then rejected Dr. Lanum's letter opinion because it was brief, conclusory, unsupported by and inconsistent with his treatment records, inconsistent with the opinions of other medical sources, and based on Plaintiff's

subjective complaints. (AR 24-25.) Plaintiff contends that the ALJ failed to properly consider Dr. Lanum's opinion. The Court disagrees.

First, the ALJ noted that Dr. Lanum's letter does not say that Claimant is disabled or unable to do all work. (AR 25.) Dr. Lanum says only that Plaintiff's medical issues make it difficult for him to procure gainful employment. (AR 25.) There is no functional assessment of Plaintiff's limitations that would permit review of whether Plaintiff potentially could work. Plaintiff does not address the ALJ's point that Dr. Lanum's brief, conclusory letter opinion is not conclusive. Matney v. Sullivan, 981 F.2d 1016, 1020 (9th Cir. 1992) (treating physician opinion that did not state claimant unable to perform all work properly disregarded).

Second, the ALJ observed that Dr. Lanum's opinion is inconsistent with and unsupported by his actual treatment records. (AR 19-20, 25.) The ALJ may reject the opinion of a treating physician that is inconsistent with and unsupported by his own treatment records. Thomas, 278 F.3d at 957; Matney, 981 F.2d at 1020 (treatment records inconsistent). Here, Dr. Lanum's records (AR 639-45, 710-773) repeatedly note that Plaintiff presented himself with no apparent distress. (AR 640, 643, 644, 712, 713, 714, 718.) Dr. Lanum noted normal muscle strength. (AR 643.) He had an essentially negative work-up for some diffuse myalgias. (AR 20.) The ALJ also noted Dr. Lanum's puzzlement over Plaintiff's symptoms. (AR 25.) Plaintiff tries to reinterpret this evidence but it is the ALJ's responsibility to interpret and resolve ambiguities in the medical evidence. Andrews, 53 F.3d at 1039.

Third, the ALJ determined that Dr. Lanum's opinion was inconsistent with the opinions of other medical sources, a proper ground for rejecting a treating physician's opinion. Andrews, 56 F.3d at 1041; Orn, 495 F.3d at 632. Here, the ALJ cited the opinions of Dr. Gottschalk, who found normal range of motion and Dr. Lieb who found "no objective evidence of any organic pathology involving the musculoskeletal system or spinal axis and indicated that the claimant had no impairment-related physical limitation." (AR 20.) Dr. Samuel Landau, an internist medical expert, determined that a prior diagnosis of fibromyalgia could not be confirmed. (AR 18.) There also were minimal impairment physical

RFC assessments from state reviewing physicians. (AR 620-27, 672-80, 774, 779, 883-84.) Plaintiff does not present or discuss this evidence; he claims only that the ALJ did not explain how Dr. Lanum's opinion is inconsistent with this considerable contrary medical opinion evidence. The answer, quite plainly, is that, to the extent it can be said that Dr. Lanum is stating Plaintiff to be disabled, the ALJ explicitly found that none of the above physicians found impairments that support disability. (AR 25.) Again, the ALJ has the responsibility for resolving conflicts in the medical evidence. Andrews, 53 F.3d at 1039.

Additionally, the ALJ found that Plaintiff's treating source opinions, including Dr. Lanum's, were not entitled to more weight than other medical sources because Dr. Lanum's opinion is based on Plaintiff's subjective symptoms. (AR 24.) Tonapetyan, 242 F.3d at 1148-49; Morgan, 169 F.3d at 602; Andrews, 53 F.3d at 1035. Plaintiff does not address this finding.

The ALJ's decision presents specific, legitimate reasons, supported by substantial evidence, for rejecting Dr. Lanum's apparent opinion of disability. There was no error.

## III. THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff's final argument is that the ALJ's RFC that Plaintiff can sit for six hours in an eight hour day is not supported by substantial evidence. The Court disagrees.

Plaintiff relies on medical expert Samuel Landau, M.D., who testified that Plaintiff could sit only four hours in an eight hour day. (AR 18.) The ALJ, however, gave more weight to the consulting examiner, Dr. Tamiry, because he actually examined Claimant. (AR 26, 610-17.) Dr. Tamiry found that Plaintiff could sit for six hours. (AR 616.) Again, the ALJ is responsible for resolving conflicts in the medical evidence. Andrews, 53 F.3d at 1039. The ALJ's reason for rejecting the four hour limitation of a non-examining physician in favor of an examining physician was a reasonable basis for preferring Dr. Tamiry's assessment. Moreover, Dr. Tamiry's six hour limitation was concurred in by three State reviewing physicians. (AR 621, 673, 775.)

The ALJ rejected Dr. Landau's four hour sit limitation for a specific, legitimate reason supported by substantial evidence. There was no error. The ALJ's RFC is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 27, 2011

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE